# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANNY PROPHET, | CASE NO. 1:08-cv-01915-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT |
| v. | |
| KEN CLARK, et al., | |
| Defendants. | (Doc. 11) |
| | ORDER COUNTING DISMISSAL AS A STRIKE UNDER SECTION 1915(G) |

## Screening Order

**I.  Screening Requirement**

Plaintiff Joseph Danny Prophet, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 12, 2008. Plaintiff's original complaint was dismissed for failure to state a claim on October 14, 2009, and Plaintiff's first amended complaint was dismissed for failure to state a claim on October 29, 2009. Now pending before the Court is Plaintiff's second amended complaint, filed December 3, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II.     Plaintiff's Claims

Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, alleges that Defendants Clark, Polk, Wright, Wadkins, Pratti, Gallagher, Bear, and Zamora are depriving him of access to the courts, apparently by placing him in a job that interferes with his ability to meet court deadlines. Plaintiff also alleges "[t]he retaliation through co-workers is connected through the chain of command." (2nd Amend. Comp., § IV.)

Plaintiff fails to set forth any allegations linking the defendants named in this action to actions or omissions which caused him to suffer an actual injury to qualifying litigation. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). Plaintiff's general assertion that he is permitted only two hours a week in the law library does not support a claim for violation of Plaintiff's constitutional rights. Lewis, 518 U.S. at 354. Likewise, the vague assertion of retaliation through the chain of command does not support any claims. Fed. R. Civ. P. 8(a); Iqbal at 1949-50.

## III.    Conclusion and Order

Plaintiff's second amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously granted leave to amend twice to cure the deficiencies

in his claims but was unable to do so and further leave to amend is not warranted. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   August 3, 2010**                                  /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE